**K.D.B., Appellant,**

v.

**C.B.B., Appellee.**

**No. 12–84–0187–CV.**

Court of Appeals of Texas, Tyler.

March 21, 1985.

Rehearing Denied April 25, 1985.

Jacqueline Taylor, Houston, Charles H. Robertson, Robertson, Railsback & Shoultz, Inc., Dallas, for appellant.

Jerry Bain, Bain, Files, Allen & Caldwell, Tyler, for appellee.

COLLEY, Justice.

K.D.B. (wife), respondent/appellant, seeks reversal of a divorce decree rendered in a divorce suit initiated by C.B.B. (husband), petitioner/appellee. We affirm in part and reverse and remand in part.

Husband filed the suit on March 21, 1984. Wife promptly filed a written waiver of the issuance and service of process and entered her appearance in the suit on March 22, 1984. The parties are parents of two sons whose present ages are five and four. Husband and wife executed an agreement incident to the divorce on May 31, 1984. Under the terms of the agreement the parties were to be appointed joint managing conservators with certain specified periods of possession. Although both parties had identical powers and duties respecting the children, the wife was to have possession of the children only on the first and third weekends of each month, and the husband was to have possession at all other times. The agreement made a division of the properties owned by the parties, both real and personal, and specified the community debts to be paid by each. The agreement provided that each party had a duty to support the children, but did not require either party to pay any sum certain during any period of time for the support of the children. On June 4, 1984, the suit was called for trial on the trial court's uncontested calendar. Husband appeared in person and by his counsel, the Honorable George Conner. Mr. Conner had drawn the agreement and all papers filed in the suit before trial. Wife did not appear, and did not employ counsel in the suit. In the brief hearing[1] before the trial court, the trial judge, following husband's testimony to the effect that he was not asking the court to award "child support," but in fact was "asking the court to not order child support," asked husband if wife had "any income other than her salary." Whereupon, the husband informed the court that the wife had a trust income of $6,000 per month. The trial judge then informed counsel that he was going to "order some child support." At this point, a short recess was taken to permit Mr. Conner to confer with husband. Following the recess, the trial judge asked the husband, "What is your wife's salary?" Husband answered, "I think it is about $600 a month over the nine months." Without further comment from counsel, the trial judge orally pronounced, "The court approves the

---

1. Reported in seven pages.

property settlement agreement, and grants the divorce, excepting insofar as child support is concerned. The court orders the [wife] to pay into the registry of the court for the support of the two children the sum of $1,020 per month payable ... [o]n the 15th of each month." The decree recites that the parties entered into a written agreement respecting conservatorship and support of the children and that such agreement "is in the childrens' best interest." The decree expressly approves the agreement of the parties for division for their properties and incorporates such agreement into the decree. No such recitation is found in the decree respecting the agreement regarding conservatorship and support. Instead, the decree orders the wife to pay child support in accordance with the trial judge's oral pronouncement quoted above.

Wife urges eight points of error, claiming that the trial court's action in ordering her to pay the child support violated her due process rights as well as Section 14.-06;[2] that the evidence is factually insufficient to support the award of child support; and since the agreement contains a provision that if the agreement is not approved by the court, "as now written," it becomes void, the trial court abused its discretion in rendering a division of the property and determination of the conservatorship issue thereon.

We first address the wife's claim that the procedures followed by the trial court violate the power and discretion given a trial court by the provisions of Subsection (b) of Section 14.06, TEX.FAM.CODE ANN. (Vernon 1975), which reads:

> If the court finds the agreement [respecting conservatorship and support] is not in the child's best interest, the court may request the parties to submit a revised agreement or *the court may make orders for the conservatorship and support of the child.*

Section 14.06 is the sole provision in the Texas Family Code addressing agreements of parties related to issues of conservatorship and support. The legislative policy established by Section 14.06(a) is clear. Amicable settlement of such issues is desired. The overall purpose of the section was obviously to promote and encourage settlement of such troublesome issues. This policy is most beneficial when the issues are presented in suits between parents of children. This is so because settlement of such disputes by parents tends to enhance the quality and stability of the continuing relationship between the estranged parents, as well as between the children and each parent. If in a trial judge's perception, the agreement between divorcing parents for conservatorship and support of the children of the marriage "is not in the child's best interest," what is the judge authorized to do when he is conducting an uncontested hearing on a petition for divorce in which suit such issues have been resolved by written agreement before trial, and the petitioner is the only party present before the court? Such question calls for an interpretation of the second alternative provided by that portion of Section 14.06(b), TEX.FAM.CODE ANN. (Vernon 1975), reading, "or the court may make orders for the conservatorship and support of the child." Applying the standards of the Code Construction Act, TEX.REV.CIV. STAT.ANN. (Vernon Supp.1985) Article 5429b-2, Sections 3.01 and 3.03, we construe the quoted provisions to mean simply that a trial judge is not bound[3] by the agreement of the parents when he concludes that such agreement is not in a child's best interest. This is not to say, however, that being of such a mind, the trial judge can summarily, and without affording the parties a reasonable opportuni-

---

**2.** All references to sections are to the Texas Family Code Annotated (Vernon Pham.Supp. 1985) unless otherwise indicated.

**3.** Professor John J. Sampson of the University of Texas School of Law interprets that portion of the statute in more colorful language to mean that the court has a "veto" power over such agreements. See John J. Sampson, "Chapter 14, Conservatorship, Possession and Support of Children." 13 Tex.Tech.L.Rev. 927, 943 (1982).

ty to present evidence relevant to a proper determination of the issues, proceed in a noncontested hearing, as here, to decree that the absent spouse pay child support in a sum certain periodically contrary to the terms of the agreement.[4] Any other construction of Subsection (b) would void the statute under Article I Section 19 of the Texas Constitution and the Due Process Clause of the U.S. Constitution. *Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex.App.— San Antonio 1983, no writ); *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 559 (1972). Wife's points 1 and 2 are sustained.

■ We next address wife's sixth point of error by which she contends that the division of property made by the trial judge must fall because it was based on the agreement which was voided under its own terms because the same was not approved by the trial court as written. No evidence was offered at the hearing below as to the character and value of the community estate of the parties. The trial judge's division of property rests entirely on the parties' agreement. Husband argues most eloquently that the trial judge approved the *entire* agreement and that the order for child support was consonant with the provisions of the agreement. Therefore, husband contends the division of property and the order that wife pay a sum certain of child support periodically rested on the *subsisting* agreement of the parties. Our reading of the agreement compels us to disagree with such argument. We are persuaded that the action of the trial judge in ordering the wife to pay a sum certain periodically for support of the children amounted in substance to a disapproval by the trial judge of the agreement which provided for no such child support order. Thus, we conclude that the disapproval by the trial court of the agreement "as written" voided the agreement of the wife for the division of the parties' estate. Point 6 is sustained.

We need not address wife's remaining points of error.

That portion of the decree divorcing the parties is severed and affirmed; otherwise, the decree is reversed and the cause is remanded for proper determination of the property, conservatorship and support issues.

**4.** See John J. Sampson, "Chapter 14, Conservatorship, Possession and Support of Children."