Mildred F. JORDAN, Appellant,

v.

Ernest M. JORDAN, Appellee.

No. 16783.

Court of Appeals of Texas, San Antonio.

May 25, 1983.

Guy P. Allison, Sr., San Antonio, for appellant.

Van G. Hilley, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and CANTU, JJ.

## OPINION

PER CURIAM.

This is a divorce case in which the trial court orally rendered its judgment at the trial on the merits before either side had rested or closed. The divorce decree was signed on December 17, 1980. The parties were divorced, Ms. Jordan was appointed managing conservator of the couple's child, child support was set at $200.00 per month, and the community property was divided. This matter was tried before the court without the aid of a jury. Ms. Jordan has perfected her appeal.

Both Mr. and Ms. Jordan were present at the trial and were represented by counsel. Mr. Jordan, the petitioner, was the only person to take the stand. When direct examination of Mr. Jordan had been concluded, he was taken on cross-examination by Ms. Jordan's attorney. After several questions had been asked and answered, the trial judge interrupted the cross-examination with a proposed property division. Judging from the number of pages in the statement of facts, this occurred at approximately the mid-point in the hearing. At this point the remainder of the hearing consists of a free-for-all debate of various property division proposals between the court, the two attorneys, and Ms. Jordan. Sandwiched in this debate is a short, unsworn, direct examination of Ms. Jordan, which related mostly to the value of the parties' Oldsmobiles and to Ms. Jordan's desire to keep them both. The trial concluded as follows (Mr. Allison was Ms. Jordan's attorney):

> THE COURT: Get is [sic] [referring to the parties' residence] appraised within 60 days. Give her the residence, the furniture, fixtures, 1980 Oldsmobile, the 1973 Oldsmobile. She keeps her retirement; he keeps his retirement.
>
> MRS. JORDAN: No.
>
> THE COURT: That's what I say—and she gets $200.00 a month.
>
> That's the Order of the Court.
>
> MR. ALLISON: To which we except.

Neither party had rested or closed at this point. Ms. Jordan's attorney had not even indicated that he had concluded his cross-examination of Mr. Jordan. Aside from her short, unsworn testimony, Ms. Jordan had no opportunity to present her evidence.

Soon after the judgment was signed, Ms. Jordan filed a motion for new trial. The motion complained of the trial court's interruption of the trial before the completion of the presentation of evidence and before either side had closed or rested. At the hearing on the motion for new trial, Ms. Jordan testified regarding community debts, childcare expenses, and the parties' retirement, none of which testimony had been brought up at the trial. Ms. Jordan testified that she had been prepared to offer this testimony in evidence at the time of the trial. The motion for new trial was overruled.

In her first two points of error Ms. Jordan complains of the court's announcement of judgment before the completion of the presentation of the evidence and before either side had rested or closed. Her last point complains of the overruling of the motion for new trial. Mr. Jordan argues that Ms. Jordan has shown a lack of diligence in failing to request the trial court to permit additional evidence to be offered pursuant to Rule 270,[1] has failed to make a bill of exceptions, and has failed to raise a point of error alleging an abuse of discretion on the part of the trial judge. In this last argument appellee cites Rule 434 and argues that the property division cannot be challenged in the absence of a point of error contending that the trial court abused its discretion in dividing the assets. Rule 434 says that a judgment cannot be reversed unless the trial court's error "was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

 It is clear from a reading of the statement of facts that Ms. Jordan was denied the opportunity to present her case. Both U.S. Const. amend. XIV, § 1 and Tex. Const. art. I, § 19 provide that a person shall not be deprived of life, liberty, or property without due process of law. Fundamental to the concept of due process is the right to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32

L.Ed.2d 556, 569 (1972). The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence. *Turcotte v. Trevino*, 499 S.W.2d 705, 723 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). It includes also an opportunity to cross-examine witnesses, to produce witnesses, and to be heard on questions of law, *In the Interest of B__ M__ N__*, 570 S.W.2d 493, 502 (Tex.Civ.App.—Texarkana 1978, no writ), and the right to have judgment rendered only after trial. *Grigsby v. Peak*, 57 Tex. 142, 148 (1882); *Masonic Grand Chapter of Order of Eastern Star v. Sweatt*, 329 S.W.2d 334, 337 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). The procedure followed by the trial court in the instant case does not comport with the concept of due process of law. A trial court is not authorized to render judgment against a defendant before the defendant has had the opportunity to offer evidence in his or her behalf and has rested. *Tobola v. State*, 538 S.W.2d 868, 870 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex.Civ.App.—Tyler 1968, no writ); *Oertel v. Gulf States Abrasive Manufacturing, Inc.*, 429 S.W.2d 623, 624 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ).

 Appellee's arguments are without merit. Ms. Jordan preserved error by her exception to the trial court's entry of judgment.[2] Since the court's error appeared on the face of the record, the preparation of a bill of exceptions was not necessary. *Turcotte, supra; Oertel, supra; Garza v. Garza*, 191 S.W.2d 767, 774 (Tex.Civ.App.—San Antonio 1945, no writ) (Norvell, J. dissenting). Neither was it necessary to bring an abuse of discretion point of error for two reasons. First, the trial court's division of the assets was not challenged. Second, as

---

1. All references to rules are to the Texas Rules of Civil Procedure.

2. In fact, even an immediate objection probably is unnecessary to preserve this type of error. *Tobola v. State, supra.*

Judge Norvell pointed out in his well-reasoned dissenting opinion in *Garza, supra,*

[t]he error was in rendering a judgment, and it follows, although somewhat in the nature of an understatement, that such error (the premature rendering of a judgment) "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

191 S.W.2d at 774. *See* Rule 434.

■ Finally, we are not convinced that Ms. Jordan failed to show diligence by not asking the court to reopen. Clearly the court had no intention of listening to further testimony when it announced its judgment, so the request probably would have been futile. In addition, Ms. Jordan gave the court an opportunity to change its decision when she offered her motion for new trial. We have found no authority to support the proposition that the Rule 270 procedure must be utilized as a prerequisite to complain on appeal of the premature rendition of a judgment.

The judgment is reversed and remanded for a new trial.