**CENTRAL PARK BANK, Appellant,**

v.

**O.E. LeBLANC and National Bank of Fort Sam Houston, Appellees.**

**No. 04-81-00430-CV.**

Court of Appeals of Texas, San Antonio.

Sept. 14, 1983.

Sandee Parten, Hollon & Marion, Boerne, Alan Dale Hicks, Beckmann, Krenek, Olson & Quirk, San Antonio, for appellant.

Leonel Solis, San Antonio, for appellees.

Before ESQUIVEL, CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a garnishment case in which the trial court orally rendered its judgment at the trial on the merits before either side had opened, rested or closed. The order, signed by the court on August 21, 1981, dismissed a post-judgment writ of garnishment which had been obtained by appellant, Central Park Bank. The writ was served on appellee, National Bank of Fort Sam Houston [hereinafter Bank of Fort Sam Houston] which filed an answer stating it owed nothing to the debtor, appellee, O.L. LeBlanc [hereinafter debtor], nor did it have any of debtor's effects in its possession. Prior to its answer, but subsequent to receipt of the writ, Bank of Fort Sam Houston released funds from an account styled "Mrs. Ocie E. LeBlanc and Donna F. Kastner" in the form of a $5,000.00 cashier's check. The Bank of Fort Sam Houston's answer was traversed by appellant, Central Park Bank, in its Garnishor's Controverting Affidavit. This affidavit alleged that the Bank of Fort Sam Houston held an account in the name of Mrs. O.E. LeBlanc, that garnishee knew that Mrs. O.E. LeBlanc was the wife of the debtor, and that said account contained community funds in which O.E. LeBlanc had an interest. Subsequently, garnishee, Bank of Fort Sam Houston, filed a motion to dissolve the writ. A fiat, signed July 24, 1981, stated the motion "is set for trial on the non-jury docket on the 17th day of August, 1981...". In preparation for this trial, the appellant, Central Park Bank, subpoenaed both Mr. and Mrs. LeBlanc, together with their bank records. Both failed to appear for trial and a writ of attachment was issued. The LeBlanc's were attached and brought to trial the next day, August 18, 1981. The day before the trial, August 17, 1981, the garnishee, Bank of Fort Sam Houston, sought and obtained a temporary restraining order which authorized the garnishee to dishonor the cashier's check which it had issued to Mrs. Ocie E. LeBlanc.

At trial, after both sides announced ready, a discussion ensued between the attorney for appellant, the court, the garnishee's and Mrs. LeBlanc's attorney.[1] The discussion at the bench was concluded by the court as follows:

THE COURT: Don't both talk at once. I don't need an auction sale here, gentlemen.

MR. SOLIS: I apologize to the court.

MR. PARTEN: Your Honor, I'm concerned on the record of some of the comments that are being made to the Court because I don't think the facts can be completely—

THE COURT: I think the Court can take care of himself. I've been doing it for 25 years.

MR. PARTEN: I understand.

THE COURT: You don't need to help me. If I want your help, I'll call on you.

I'm going to order judgment discharging the garnishee.

MR. SOLIS: That's all we have before the Court.

THE COURT: Now, what about this temporary injunction?

MR. SOLIS: Your Honor, I believe that's set for the 21st.

MR. HICKS: That's set for hearing Friday morning, Your Honor. And that will be in the presiding court Friday morning. She will assign that to a court to be heard.

THE COURT: Okay. That will be fine.

At this time, appellant had not had the opportunity to offer any evidence in support of its position.

Shortly after the judgment was signed, appellant filed a motion for reconsideration and a motion for new trial complaining of the court's action in not allowing the introduction of evidence and stating the evidence which appellant would have offered had it been allowed. This motion was overruled.

1. Mr. Solis was the LeBlanc's attorney, Mr. Hicks was the attorney for garnishee, National Bank of Fort Sam Houston, and Mr. Parten was the appellant's attorney.

■ Appellant, in points of error three, four, and six, contends the trial court's actions amounted to a denial of due process of law guaranteed by both the United States Constitution and the Constitution of the State of Texas. We agree.

Both U.S. CONST. amend. XIV, § 1 and TEX. CONST. art. I, § 19 provide that a person shall not be deprived of life, liberty or property without due process of law. Fundamental to the concept of due process is the right to be heard. *Fuentes v. Slavin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556, 569 (1972). The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence. *Turcotte v. Trevino,* 499 S.W.2d 705, 723 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd n.r. e.).

*Jordan v. Jordan,* 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ).

Here, as in *Jordan, supra,* appellant was not allowed a meaningful opportunity to present evidence and have judicial findings based upon that evidence.

Upon reading the statement of facts, it appears that the trial court was of the impression that the garnishment proceeding was the wrong forum for appellant to prove its case. This is illustrated by the following exchange at the bench:

THE COURT: Well, that [the temporary restraining order] does not affirmatively hold that any of those funds belongs to Mr. LeBlanc.

MR. HICKS: That's correct. That's correct, Your Honor.

THE COURT: It doesn't do that in any respect, does it?

MR. HICKS: It doesn't, Your Honor. And all we did was ask for a restraining order and post a sufficient bond for the full amount of the judgment.

THE COURT: Now that looks to me like the place where relief can be granted. Where some relief if you're entitled—if you can prove and show that some of those funds, or all of them, belong—are community property and belong to Mr. LeBlanc. But that temporary restraining order followed by a temporary injunction would hold in abeyance any disposition of money that might—that you might be correct about.[2]

MR. PARTEN: Well, Your Honor, we think we can prove from just the checks—

THE COURT: This writ of garnishment—this business here, I don't see this as a solution.

We hold that appellant was not given an opportunity to present its case and that such a denial deprived appellant of due process of law.

■ Appellee argues that the appellant failed to preserve his error by a failure to object and by a failure to perfect a bill of exception. We do not agree.

It is suggested in *Jordan, supra* at 358 n. 2, that immediate objection is probably unnecessary to preserve error in this fact situation. In *Tobala v. State,* 538 S.W.2d 868, 870 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ) the court held "that a rendition of judgment by the court before a party has had the opportunity to present any evidence and before he has rested his case obviates the necessity of an immediate objection to the effect of such rendition." Further, "a rendition of judgment in open court ends the trial. Thereafter the losing party's objections are to the court's judgment or the effect thereof, and they need not be recited in open court." *Tobala, supra* at 870. In the instant case, appellant filed a motion for reconsideration and motion for new trial, which pointed out the court's error and asked that it be corrected. This motion was denied. Further, from reviewing the transcript and statement of facts it is obvious that appellant had procured witnesses and documentary evidence

2. The temporary restraining order was made a temporary injunction pending a ruling on appellant's motion for reconsideration and new trial. After the appellant's motion for new trial was denied, the temporary injunction was dissolved by an order signed September 1, 1981.

to be introduced at trial. We believe he should have that opportunity.

 Appellant, in its first point of error, contends that a garnishee may not file a motion to dissolve a writ of garnishment under TEX.R.CIV.P. 664a. We hold that the error, if any, was harmless. First, Mrs. LeBlanc was made a party at trial. It was her account which was garnished and thus she fell within the scope of 664a.

 Second, TEX.R.CIV.P. 71 provides that a pleading, if mistakenly designated, may, if justice so requires, be treated as properly designated. To determine the nature of a pleading a court will look to its substance, not the form of title given to it. TEX.R.CIV.P. 71; *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex.1980). In substance, the garnishee's motion to dissolve the writ was an answer to the garnishor's controverting affidavit and a motion to set the case for trial. Thus, the error, if any, was harmless.

Appellant, in his second point of error, complains that the garnishee's motion to dissolve the writ of garnishment was not sworn to as is required by TEX.R.CIV.P. 664a. Appellant failed to point out the defect to the court either by motion, plea in abatement, or special exception. Thus, any error is waived. TEX.R.CIV.P. 90; *Frankfurt's Texas Investment Corp. v. Trinity Savings & Loan Association*, 414 S.W.2d 190 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r. e.).

The judgment is reversed and remanded for a new trial.