Jimmy **SPEED** and Wife, Leticia Speed, Appellants,

v.

Charles **GUIDRY** and Sharon Ann Speed, Appellees.

No. 04–82–00455–CV.

Court of Appeals of Texas, San Antonio.

Feb. 29, 1984.

David Duran, Carrizo Springs, for appellants.

Robert Lee Little, Carrizo Springs, for appellees.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a legitimation, termination and adoption case.

Petitioners/appellants Jimmy Ray Speed and wife, Leticia G. Speed, filed suit to terminate the parent-child relationship between respondents/appellees Sharon Ann Speed, the natural mother, and Charles Aubrey Guidry, the alleged biological father, and their minor child, B____ M____ G____. Additionally, appellants sought to adopt the minor child. Appellee Sharon Ann Speed answered by general denial; appellee Charles Aubrey Guidry answered by general denial and cross-petition seeking to have the minor child designated as his legitimate child and for his appointment as the child's managing conservator. In a bench trial the court rendered judgment declaring B____ M____ G____, the minor child, as the legitimate child of appellees Sharon Ann Speed and Charles Aubrey Guidry, and denying appellants' request for termination and adoption of the minor child. The court awarded immediate custody and possession of the minor child to appellee Sharon Ann Speed.

Appellants present five points of error. They are set out as follows:

### POINTS OF ERROR

POINT OF ERROR 1. The District Court abused its discretion in entering a judgment without hearing evidence on which to base same.

POINT OF ERROR 2. The District Court abused its discretion in refusing to hear evidence on the alleged grounds for termination and adoption set forth in Petitioners' Second Amended Original Petition.

POINT OF ERROR 3. The District Court erred in entering a summary judgment against Petitioners.

POINT OF ERROR 4. The District Court erred in allowing Respondent Sharon Ann Speed to revoke her Affidavit of Relinquishment of Parental Rights since there is no evidence of

coercion, fraud, or overreaching on the part of Petitioners.

POINT OF ERROR 5. The District Court erred in failing to file findings of fact and conclusions of law as requested by Petitioners.

At the outset we conclude that the judgment of the trial court on file with the rest of the papers in this cause is not a summary judgment. Further, the record is void of any motion for summary judgment by any of the parties herein and of any summary judgment proceedings. *See* TEX.R.CIV.P. 166–A. Accordingly, we overrule appellants' point of error three.

■ We further conclude that appellants' five points of error do not complain of that portion of the judgment decreeing that B_____ M_____ G_____, the minor child, is the legitimate child of appellee Charles Aubrey Guidry. Appellants have failed to designate in a proper assignment of error and in arguments and authorities in their brief this particular error of the court relied on for reversal. Appellants having failed to meet their burden, we hold that the portion of the court's judgment declaring B_____ M_____ G_____ the legitimate child of appellee Charles Aubrey Guidry is not before us and is therefore affirmed. *See Wright v. Gernandt*, 559 S.W.2d 864 (Tex.Civ.App.—Corpus Christi 1977, no writ); TEX.R.CIV.P. 418.

■ Assuming, arguendo, that the issue of legitimation was properly before us, we would still be compelled to affirm that portion of the trial court's judgment decreeing the minor child the legitimate child of appellee Charles Aubrey Guidry. The undisputed evidence satisfied the provisions of TEX.FAM.CODE ANN. § 13.21 (Vernon Supp.1982–1983). A decision of the trial court on petition for voluntary legitimation of a minor child will be set aside only for an abuse of discretion. *In re CDV*, 589 S.W.2d 543 (Tex.Civ.App.—Amarillo 1979, no writ). We hold that, in the instant case, the trial court's decision to grant on its merits the petition of appellee Charles Aubrey Guidry for voluntary legitimation of the minor child was not against the great weight and preponderance of the evidence and was not an abuse of discretion.

Appellants' first three points of error complain about the entire judgment of the court which they allege was rendered without hearing evidence or affording appellants an opportunity to be heard or to present evidence. The record reflects that appellees were sworn as witnesses and that they were simultaneously examined by the court. It further reflects that after the court elicited from appellee Sharon Ann Speed her desire to revoke her previously executed affidavit relinquishing her parental rights, the court granted her request. The court then examined appellee Charles Aubrey Guidry and determined from him that as the biological father he was ready to support the minor child. Attorney for appellants was permitted to examine appellee Sharon Ann Speed, and his examination was confined only to the voluntariness of the execution of the affidavit of relinquishment of her parental rights. Co-counsel for appellants also examined appellee Sharon Ann Speed and elicited from her that she consented to the entry of any decree naming Charles Aubrey Guidry, the biological father, as the legitimate father of the child.

■ The following colloquy then occurred:

COURT: You have got a big responsibility. You know that, don't you?

SHARON SPEED: Yes.

COURT: I don't want to see you in this courtroom again on this matter. I want you to take care of that baby.

MR. DURAN: Do I understand that that's the Court's ruling?

COURT: That's right. We are not going to go into anything else. She can revoke this affidavit if she wants to.

MR. STEWART: There are some statutory grounds for termination stated in the pleadings.

COURT: You can appeal on that.

MR. STEWART: We want to make sure that this is clear. The Court is refusing to hear any evidence on the

statutory grounds for termination of the parental rights?

COURT: Right.

\*     \*     \*     \*     \*     \*

In a very recent opinion, this court in *Jordan v. Jordan,* 653 S.W.2d 356 (Tex.App.—San Antonio 1983, no writ) (per curiam), re-emphasized its unfaltering belief in the fundamental and invaluable right of a litigant to be heard under the due process clause of the United States and Texas Constitutions. The actions of the trial court in the case before us is not unlike that of the trial court in *Jordan.* We can find no clearer way to express our opinion of the trial court's action in the instant case than as expressed by this Court in *Jordan* when it stated:

> The procedure followed by the trial court in the instant case does not comport with the concept of due process of law. A trial court is not authorized to render judgment against a defendant before the defendant has had the opportunity to offer evidence in his or her behalf and has rested. [Citations omitted.]

*Id.* at 358. *See also Central Park Bank v. LeBlanc,* 659 S.W.2d 872 (Tex.App.—San Antonio 1983, no writ). Accordingly, that portion of the court's judgment denying appellants' petition seeking to terminate the parental rights of appellees and to adopt the minor child is reversed and this cause is remanded for a new trial.

We assume that the child has been in the custody of appellee Sharon Ann Speed since the trial of this cause. Because of the tender age of this child and the lengthy passage of time, we direct that this custody not be disturbed, if such be necessary, until final determination of this cause by the trial court.