NO. 07-04-0013-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 24, 2005



______________________________




CARLOS FERRER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-403301; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Carlos Ferrer appeals his conviction for aggravated sexual assault. The clerk's
record was filed on February 23, 2004, and the reporter's record was filed on May 20,
2004. This matter was abated on August 19, 2004 for determination of indigency and
appointment of counsel. The case was reinstated on August 25, 2004. Appellant's brief
was due on September 24, 2004. On October 21, 2004, this court notified appointed
counsel for appellant that neither the brief nor an extension of time to file appellant's brief
had been filed. Counsel for appellant was also admonished that if appellant's brief was not
filed by November 1, 2004, the appeal would be abated to the trial court. On that date,
counsel for appellant filed a motion for extension of time, which was granted, making the
brief due November 29, 2004. A second motion for extension was filed by appellant's
counsel on December 3, 2004, and extension was granted until January 3, 2005. When
appellant's brief was not filed by January 25, this court sent appellant a second letter
notifying him that appellant's brief had not been filed and stating the appeal would be
abated if a brief was not filed by February 4, 2005. On January 31, counsel requested a
third extension of time, through February 27. Counsel's earlier requests for extension were
based on delay in receiving the appellate record from previous counsel. The third request
cited counsel's workload. The third request was granted only to the extent the brief's due
date was extended to February 14, 2005. The Court also again admonished counsel that
if the deadline was not complied with the appeal would be abated and the cause remanded
to the trial court in accord with Texas Rule of Appellate Procedure 38.8(b)(2). That date
is well past, and appellant has neither filed a brief nor submitted a further motion for
extension. 

 Consequently, we abate the appeal and remand the cause to the 140th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal;


 whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.
2d 821, 828 (1985) (holding that indigent defendant is entitled to the
effective assistance of counsel on the first appeal as a matter of right
and that counsel must be available to assist in preparing and
submitting an appellate brief).



Tex. R. App. P. 38.8(b)(2).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal and has been denied effective assistance of counsel, then we further
direct the court to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, fax number and state bar number of the new counsel who
will represent appellant on appeal must also be included in the court's findings of fact and
conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a
supplemental clerk's record containing the findings of fact and conclusions of law and (2)
a supplemental reporter's record transcribing the evidence and argument presented at the
hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the
supplemental clerk's record and the supplemental reporter's record to be filed with the clerk
of this court on or before March 25, 2005. Should additional time be needed to perform
these tasks, the trial court may request additional time before March 25, 2005.

 Per Curiam

Do not publish.



imely assert them and additionally asks us to
assess the damages for a frivolous appeal as provided under Texas Rule of Appellate
Procedure 45.

 We will initially consider Christian's second and third issues. In doing so, we note
there are no written findings of fact and conclusions of law before us. (2) In the absence of
written findings of fact and conclusions of law, we imply fact findings necessary to support
a trial court's legal conclusions. See Burnett v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980). 
When the implied findings of fact are supported by the evidence, it is the duty of the
appellate court to uphold the judgment on any theory of law applicable to the case. See
Lassiter v. Bass, 559 S.W.2d 353, 358 (Tex. 1977), overruled on other grounds by Cherne
Industries, Inc. v. Magallanes, 763 S.W.2d 768 (Tex. 1989). When a separate and
independent ground that supports a judgment is not challenged on appeal, the appellate
court must affirm the lower court's judgment. See San Antonio Press, Inc. v. Custom Bilt
Machinery, 852 S.W.2d 64, 65 (Tex. App.-San Antonio 1993, no writ); Herndon v. First
Nat'l Bank of Tulia, 802 S.W.2d 396, 400 (Tex. App.-Amarillo 1991, writ denied).

 Christian does not challenge the implied finding that she and Taylor agreed that she
would obtain first time grower insurance for Taylor. Moreover, there is sufficient evidence
to justify a finding that Christian breached that agreement. Additionally, Taylor's cause of
action for Christian's breach of the agreement to obtain first time grower crop insurance
existed independently of the insurance contract and, therefore, cannot be defeated by
references to provisions of the crop insurance contract itself.

 Accordingly, because the breach of the agreement to obtain first time grower
insurance constitutes a separate and independent ground supporting the trial court's
judgment, we must, and do, overrule Christian's second and third issues. 

 In her first issue, Christian argues that the trial court erred in rendering judgment
because it had not provided her with 45 days notice of the first trial setting as required by
Texas Rule of Civil Procedure 245. However, the record reveals that when the case was
called for trial, Christian announced that she was ready and made no objection to
proceeding to trial. Any error resulting from a trial court's failure to provide proper notice
under Rule 245 is waived if the complaining party proceeds to trial without objecting to the
lack of such notice. In re J.(B.B.)M., 955 S.W.2d 405, 408 (Tex. App.-San Antonio 1997,
no pet.); State Farm Fire and Casualty Co. v. Price, 845 S.W.2d 427, 432 (Tex.
App.-Amarillo 1992, writ dism'd by agr.). Because Christian proceeded to trial without
objection, she has waived any error there might have been in the notice of the trial setting. 
Christian's first issue is overruled.

 Having overruled Christian's issues, it now becomes necessary for us to consider
Taylor's contention that the appeal is frivolous and that damages should be assessed
against Christian for that frivolous appeal. See Tex. R. App. P. 45. In considering that
request, it is established that the award of damages under Rule 45 is discretionary, must
be done with prudence, and only after careful consideration. See Casteel-Diebolt v. Diebolt,
912 S.W.2d 302, 306 (Tex. App.-Houston [14th Dist.] 1995, no writ); Dyson Descendant
Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 952 (Tex. App.-Houston [1st Dist.] 1993,
no writ). In deciding whether such damages should be awarded, we must review the record
from appellant's point of view at the time she filed her appeal and decide whether she had
any reasonable grounds upon which to believe the case would be reversed. Bledsoe v.
Kuczek, No. 02-02-255-CV, 2003 Tex. App. LEXIS 5458 at 10 (Tex. App.-Fort Worth June
26, 2003, no pet.); Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.-Houston [1st Dist.]
2001, pet. denied).

 In the instant case, although we disagree that Christian showed any reversible error,
we cannot say that she pursued her appeal in bad faith or that she had no reasonable
expectation of reversal. Accordingly, we deny Taylor's request for assessment of
damages.

 In summary, all of Christian's issues are overruled, Taylor's request for assessment
of damages is denied, and the judgment of the trial court is affirmed. 



 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005). 
2. Christian did request findings of fact and conclusions of law but the request was
untimely filed.