NO. 07-03-0086-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 27, 2005

_____

KATHY CHRISTIAN, INDIVIDUALLY AND D/B/A
ALL SEASONS INSURANCE, APPELLANT

v.

BRANDON TAYLOR, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 02-108; HON. RON ENNS, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**Memorandum Opinion**

Appellant Kathy Christian (Christian), individually and d/b/a All Seasons Insurance, brings this appeal from a judgment in favor of appellee Brandon Taylor (Taylor) in a suit in which Taylor sought damages related to the loss of his black-eyed pea crop. For reasons we later explain, we affirm the judgment of the trial court.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).

Background

Taylor obtained an insurance policy covering his 2001 crops through Christian. One of the crops that Taylor grew in 2001 was black-eyed peas. In the suit underlying this appeal, Taylor contended that in his initial meeting with Christian concerning the crop policy, he informed her that he was a first time grower of black-eyed peas. His first time grower status was significant because the insurance coverage for a first time grower in the event of loss is 100 percent of the average per acre yield of the crop in the county ("the guaranteed amount"), rather than the standard 65 percent coverage otherwise applicable.

When Taylor lost his black-eyed pea crop and submitted his claim to the insurance company, he was only able to recover 65 percent of his loss because the insurance policy obtained by Christian did not designate him as a first time grower. Christian admits that she knew that Taylor had never grown black-eyed peas before but averred that she did not know that Taylor had actually decided to grow black-eyed peas until after she had submitted the crop insurance application to the company that ultimately issued the insurance policy.

Because he could not recover the full amount of his black-eyed pea loss under the policy, Taylor filed suit against Christian alleging breach of contract, breach of the agreement to obtain first time grower coverage, and breach of the duty of good faith and fair dealing. Christian filed a general denial of these allegations and the case proceeded to a bench trial.

At trial, Taylor testified that Christian was aware that he was a first time grower of black-eyed peas in 2001 and that his agreement with Christian was that she would obtain first time grower coverage for him. Christian averred that Taylor could have recovered as

2

a first time grower, but as we have noted, she said she was not aware that Taylor had decided to plant the peas in time to obtain a first time grower's policy. However, she also testified that she was not aware that the policy was not one for a first time grower until two days after Taylor submitted his claim. Although each party acknowledged the existence of the crop insurance policy, a copy of it was never introduced into evidence and, consequently, we have no copy of the policy in the record.

After the conclusion of the bench trial, the trial court rendered judgment in favor of Taylor for $26,500 in actual damages, $1,800 in attorney's fees, court costs and post-judgment interest at the rate of ten percent per year.

## Discussion

In challenging the trial court's judgment, Christian presents three issues for our decision. In those issues, Christian contends: 1) she was not afforded the 45-day notice of the first trial setting as required by Texas Rule of Civil Procedure 245; 2) the arbitration clause contained in the insurance contract and the Code of Federal Regulations (CFR) made arbitration a prerequisite to filing suit; and 3) the limitation of damages clause contained in the contract and the CFR prohibits the trial court from awarding extra-contractual damages such as attorney fees. Taylor responds that Christian waived each of her three appellate issues by failing to timely assert them and additionally asks us to assess the damages for a frivolous appeal as provided under Texas Rule of Appellate Procedure 45.

We will initially consider Christian's second and third issues. In doing so, we note there are no written findings of fact and conclusions of law before us.[2] In the absence of written findings of fact and conclusions of law, we imply fact findings necessary to support a trial court's legal conclusions. *See Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex. 1980). When the implied findings of fact are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *See Lassiter v. Bass*, 559 S.W.2d 353, 358 (Tex. 1977), *overruled on other grounds by Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768 (Tex. 1989). When a separate and independent ground that supports a judgment is not challenged on appeal, the appellate court must affirm the lower court's judgment. *See San Antonio Press, Inc. v. Custom Bilt Machinery,* 852 S.W.2d 64, 65 (Tex. App.–San Antonio 1993, no writ); *Herndon v. First Nat'l Bank of Tulia*, 802 S.W.2d 396, 400 (Tex. App.–Amarillo 1991, writ denied).

Christian does not challenge the implied finding that she and Taylor agreed that she would obtain first time grower insurance for Taylor. Moreover, there is sufficient evidence to justify a finding that Christian breached that agreement. Additionally, Taylor's cause of action for Christian's breach of the agreement to obtain first time grower crop insurance existed independently of the insurance contract and, therefore, cannot be defeated by references to provisions of the crop insurance contract itself.

Accordingly, because the breach of the agreement to obtain first time grower insurance constitutes a separate and independent ground supporting the trial court's judgment, we must, and do, overrule Christian's second and third issues.

---

[2]Christian did request findings of fact and conclusions of law but the request was untimely filed.

4

In her first issue, Christian argues that the trial court erred in rendering judgment because it had not provided her with 45 days notice of the first trial setting as required by Texas Rule of Civil Procedure 245. However, the record reveals that when the case was called for trial, Christian announced that she was ready and made no objection to proceeding to trial. Any error resulting from a trial court's failure to provide proper notice under Rule 245 is waived if the complaining party proceeds to trial without objecting to the lack of such notice. *In re J.(B.B.)M.,* 955 S.W.2d 405, 408 (Tex. App.–San Antonio 1997, no pet.); *State Farm Fire and Casualty Co. v. Price*, 845 S.W.2d 427, 432 (Tex. App.–Amarillo 1992, writ dism'd by agr.). Because Christian proceeded to trial without objection, she has waived any error there might have been in the notice of the trial setting. Christian's first issue is overruled.

Having overruled Christian's issues, it now becomes necessary for us to consider Taylor's contention that the appeal is frivolous and that damages should be assessed against Christian for that frivolous appeal. *See* Tex. R. App. P. 45. In considering that request, it is established that the award of damages under Rule 45 is discretionary, must be done with prudence, and only after careful consideration. *See Casteel-Diebolt v. Diebolt,* 912 S.W.2d 302, 306 (Tex. App.–Houston [14th Dist.] 1995, no writ); *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 952 (Tex. App.–Houston [1st Dist.] 1993, no writ). In deciding whether such damages should be awarded, we must review the record from appellant's point of view at the time she filed her appeal and decide whether she had any reasonable grounds upon which to believe the case would be reversed. *Bledsoe v. Kuczek*, No. 02-02-255-CV, 2003 Tex. App. LEXIS 5458 at 10 (Tex. App.–Fort Worth June

26, 2003, no pet.); *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.–Houston [1st Dist.] 2001, pet. denied).

In the instant case, although we disagree that Christian showed any reversible error, we cannot say that she pursued her appeal in bad faith or that she had no reasonable expectation of reversal. Accordingly, we deny Taylor's request for assessment of damages.

In summary, all of Christian's issues are overruled, Taylor's request for assessment of damages is denied, and the judgment of the trial court is affirmed.

John T. Boyd
Senior Justice