# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00015-CV

**Fifteen-Thousand One-Hundred Ninety-Six Dollars and
Forty-One Cents in United States Currency, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
NO. D130149C, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This restricted appeal arises from a default judgment in a civil forfeiture proceeding. In the final judgment of forfeiture, the trial court found that $15,196.41 seized from Jaime Daryl Edwards was contraband as defined by Texas Code of Criminal Procedure article 59.01 and ordered that all interest in that currency was forfeited to the State of Texas. *See* Tex. Code Crim. Proc. arts. 59.01, .05. For the reasons stated below, we reverse and remand.

## BACKGROUND

On April 16, 2013, the State filed a notice of seizure and intended forfeiture of $15,196.41 it had seized from Edwards, which it alleged was contraband as defined by article 59.01 of the Texas Code of Criminal Procedure. *See id.* art. 59.01. Edwards was served with citation on April 19 and, represented by counsel, timely filed a general denial of the allegations contained in the

State's pleading. In November 2014, Edwards's counsel, with Edwards's agreement, filed a motion to withdraw, which the trial court granted. On September 2, 2015, the State filed a motion to set the case "for a 30 minute hearing on the Court's docket as soon as possible." The certificate of service states that a copy of the motion was sent to Edwards at the Tom Green County Jail. On September 8, the trial court signed an order setting the case "for hearing" on October 7. The order indicates that a copy was sent to Edwards at the Tom Green County Jail.

At the October 7 hearing, the State appeared through counsel, but Edwards did not appear. After the State offered evidence, the trial court found that the property was seized pursuant to a duly authorized search warrant and that the property was contraband. The court rendered judgment that the $15,196.41 was forfeited to the State. In December 2015, Edwards filed his notice of restricted appeal from the judgment of forfeiture.

## DISCUSSION

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). The elements necessary to succeed on a restricted appeal are: (1) the notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who neither participated in the hearing that resulted in the judgment nor filed a timely post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam); *Norman Commc'ns, Inc. v. Texas Eastman*

2

*Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *see also* Tex. R. App. P. 30 (restricted appeals replace writs of error). Only the fourth element is at issue here.

On appeal, Edwards asserts that the face of the record demonstrates that he did not have sufficient notice of the October 7 hearing at which the State obtained a default judgment. A defendant who has appeared in a case, as did Edwards, is entitled to notice of a trial on the merits or a hearing on a motion for default judgment. *LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). Texas Rule of Civil Procedure 245 requires that parties in a contested case be given no less than 45 days' notice of the first trial setting. Tex. R. Civ. P. 245. "A fundamental element of due process is adequate and reasonable notice of proceedings." *Murphree v. Ziegelmair*, 937 S.W.2d 493, 495 (Tex. App.—Houston [1st Dist.] 1995, no writ). The failure to provide a defendant the required notice of the first trial setting in a contested case deprives him of his constitutional right to be present and to voice his objections in an appropriate manner. *LBL Oil*, 777 S.W.2d at 390-91; *Dougherty v. Brewer*, No. 03-12-00445-CV, 2012 WL 6097320, at *2 (Tex. App.—Austin Dec. 6, 2012, no pet.) (mem. op.).

When, as here, a party claims in a restricted appeal that the required notice was not given, the error must appear on the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009); *Alexander*, 134 S.W.3d at 848; *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *see also* Tex. R. App. P. 30. The face of the record in a restricted appeal consists of the documents and evidence before the trial court when it rendered its judgment. *Falcon Ridge Apartments*, 811 S.W.2d at 944. If Edwards did not have notice of the October 7 hearing as required by Rule 245, the default judgment should be set aside. *See Blanco v. Bolanos*,

3

20 S.W.3d 809, 811, 812 (Tex. App.—El Paso 2000, no pet.) (default judgment held improper because defendant did not receive 45 days' notice of final trial as required by Rule 245). The record affirmatively shows that notice of the hearing was sent on September 8, which provided Edwards with, at most, 29 days' notice instead of the 45 days' notice required by Rule 245. Thus, error is apparent from the face of the record. *See Dougherty*, 2012 WL 6097320, at *2 (reversing judgment on restricted appeal when face of record showed defendant given at most one day's notice of hearing on motion for default judgment); *Blanco*, 20 S.W.3d at 811-12 (reversing judgment on restricted appeal when face of record showed that plaintiff filed notice only 15 days prior to final hearing and notified defendant of setting by telephone and facsimile only nine days prior to final hearing).

In its brief on appeal, the State does not dispute that Edwards did not receive the 45 days' notice mandated by Rule 245 and concedes that the 29 days' notice of the October 7 hearing does not meet the requirements of the Texas Rules of Civil Procedure. The State maintains, however, that Edwards failed to preserve any objection to the untimely notice. *See* Tex. R. App. P. 33.1 (preservation of error). To support this argument, the State relies on cases holding that a party may waive an objection to lack of notice in compliance with Rule 245 if it "proceeds to trial and fails to object to the lack of notice." *See Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658-59 (Tex. App.—San Antonio 2002, no pet.) (citing *In re J.(B.B.)M.*, 955 S.W.2d 405, 408 (Tex. App.—San Antonio 1997, no pet.); *State Farm Fire & Cas. Co. v. Price*, 845 S.W.2d 427, 432 (Tex. App.—Amarillo 1992, writ dism'd by agr.)). In *Custom-Crete*, in the context of reviewing the denial of a motion for new trial based on lack of notice, the court of appeals noted that a party that appears at a hearing and announces that it is ready to proceed waives a complaint that it did not

4

receive 45 days' notice of the hearing. *See id.* at 658-59.[1] Thus, *Custom-Crete* recognized that notice under Rule 245 can indeed be waived if the party receiving defective notice goes to trial. *Id.* In the present case, however, Edwards neither appeared at the hearing nor in any way represented readiness to proceed.

The *Custom-Crete* court also cited *Balogh v. Ramos*, 978 S.W.2d 696, 699 (Tex. App.—Corpus Christi 1998, pet. denied), for the proposition that a party may waive a complaint by failing to take action when the party receives some, but less than 45 days', notice. The State points to this language to support its claim that Edwards waived his right to complain of lack of notice compliant with Rule 245 in this restricted appeal. In *Balogh*, the court held that because the defaulting party's lack of notice of a trial setting was caused by his own failure to participate in a docket control conference that he did have notice of, the party's failure to appear at trial did not meet the first prong of the *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) test for obtaining a new trial; i.e., that the failure to appear was not intentional or the result of conscious indifference such that equitable principles warranted a new trial. *See Balogh*, 978 S.W.2d at 699. The *Balogh* court reasoned:

> Balogh knew that a docket control conference was scheduled, and knew the day and time the conference was to occur. When the appointed time arrived, and he was not contacted by the clerk's office or by [opposing party's] office, rather than calling the clerk, Balogh took no action. We cannot countenance a party doing nothing to protect its rights and then complaining on appeal that its rights have been violated.

---

[1] The *Custom-Crete* court ultimately held that there was no waiver because the party that appeared at trial did not have authority to represent Custom-Crete and, consequently, his "mere presence at trial [did] not equate to an 'appearance' at trial on behalf of Custom-Crete." *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.).

*Id.* The court's finding of waiver derived from the court's refusal to allow a party's own conduct to serve as the basis for a claim of lack of notice. Here, by contrast, the lack of adequate notice of the trial setting was caused by the State's failure to provide the required 45 days' notice, not by any conduct attributable to Edwards. We do not read *Balogh* to hold that, in the context of a restricted appeal, a party may be found to have waived its right to complain about an error that is apparent on the face of the record.

Finally, the State relies on *Templeton Mortgage Corporation v. Poenisch*, No. 04-15-00041-CV, 2015 WL 7271216 (Tex. App.—San Antonio Nov. 1, 2015, no pet.) (mem. op.), for the proposition that a party may waive its objection to lack of timely notice of a final hearing by failing to take any action or raising any pre-trial objection. In *Templeton*, the trial court denied a motion for new trial after granting a default judgment in Poenisch's favor. The court of appeals first addressed Poenisch's assertion that Templeton failed to preserve a complaint that he did not receive 45 days' notice of the trial as required by Rule 245.[2] The court of appeals affirmed, noting that Templeton had not appeared at the hearing and did not raise any pre-trial objection. The court of appeals also observed that Templeton did not argue in his motion for new trial that he had not received the 45 days' notice of trial required by Rule 245. *Id.* at *2. The court held that, because Templeton failed to argue lack of sufficient notice under Rule 245 in his post-judgment motion for

---

[2] The *Templeton* court quoted the language of *Custom-Crete* that a party may waive a complaint by failing to take action when it "receives some, but less than forty-five days' notice." *Custom-Crete*, 82 S.W.3d at 659 (citing *Balogh v. Ramos*, 978 S.W.2d 696, 699 (Tex. App.—Corpus Christi 1998, pet. denied)). As discussed above, we do not read either *Custom-Crete* or *Balogh* to hold that a defaulting party bringing a restricted appeal can waive its right to complain about error apparent on the face of the record by failing to raise a pre-trial objection to that error.

new trial and had also claimed a complete lack of service, an assertion that was contradicted by the record, Templeton "failed to preserve its rule 245 notice complaint" for appellate review. *Id.* at *3. Thus, while *Templeton* supports the argument that a party does not preserve a complaint of failure to comply with Rule 245 when he fails to raise it either before trial or in a post-judgment motion for new trial, it does not support the State's argument that a party bringing a restricted appeal can waive its right to complain about error on the face of the record by failing to raise a pre-trial objection to that error.

The record demonstrates that, at most, Edwards could have received only 29 days' notice of the default-judgment hearing instead of the 45 days' notice required by Rule 245. Because Edwards did not receive 45 days' notice, the default judgment was rendered in violation of Edwards's right to the notice required by Rule 245. *See Dougherty*, 2012 WL 6097320, at *2. This error is apparent on the face of the trial court's record.[3]

## CONCLUSION

Because it is apparent from the face of the record that Edwards was not given adequate notice of the hearing at which the State obtained a default judgment, we reverse the trial court's judgment and remand the cause for further proceedings.

---

[3] Edwards and the State also briefed whether Edwards had established the first element for obtaining a new trial under the equitable principles set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939), specifically, whether Edwards's failure to appear was not intentional or the result of conscious indifference. We do not address this issue because the *Craddock* test has no application in a restricted appeal.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Reversed and Remanded

Filed:  November 17, 2016