Edward TOBOLA et al., Appellants,

v.

STATE of Texas, Appellee.

No. 1461.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 7, 1976.

Richard B. Stilwell, Houston, for appellants.

Robert D. Ford, Asst. Dist. Atty., Earl I. Harwood, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a temporary order in a suit affecting the parent-child relationship.

Suit was filed in the juvenile court of Harris County seeking to terminate the parent-child relationship between Nicole Tobola (age 2½) and David Tobola (age 3½ months) and their parents, Edward and Delores Tobola (the parents or appellants). After an ex parte hearing the trial court entered an order placing temporary conservatorship of the children in the director of the Harris County Child Welfare Unit pending a show-cause hearing, and also appointing a guardian ad litem and attorney ad litem. Before that hearing was held, the parents filed a "Motion for Reconsideration and Petition for Habeas Corpus" and a hearing was immediately held thereon. After that hearing the court ordered that Nicole Tobola be returned to her parents but that temporary conservatorship of David Tobola remain in the Harris County Child Welfare Unit pending final disposition of the termination suit. The court also ordered the scheduled show-cause hearing cancelled. The parents have perfected this appeal.

On April 21, 1976, 3½-month-old David Tobola began experiencing difficulty breathing and was taken to a hospital by his parents. After several days of testing it was determined that he had sustained a moderately severe traumatic injury, as a result of which he suffered increased intracranial pressure and multiple hemorrhages on the insides of both eyes. When the parents could give no explanation for these injuries, the doctors attending David suspected child abuse. On about April 26, the hospital staff notified the Harris County Child Welfare Unit of the suspected abuse and forwarded to it a written report of the matter. A member of the Child Welfare Unit staff interviewed the social work staff of the hospital, and also visited the parents in their home.

On May 3 a representative of the Child Welfare Unit filed an "Original Petition to Terminate Parent-Child Relationship," accompanied by reports from an attending physician and a member of the hospital social work staff. On either May 3 or May 4 the trial court, without notice to the parents, granted an application for temporary conservatorship, placing both David and Nicole with the Child Welfare Unit pending a May 17 hearing "to show cause why the child(ren) should not remain in the temporary conservatorship of Gene Lege, Director of Harris County Child Welfare Unit pending a final decree in this suit."

On about May 10 the parents filed their "Motion for Reconsideration and Petition for Habeas Corpus." On May 11 a hearing was held on the parents' motion. At that hearing appeared the parents, an Assistant District Attorney representing the Child Welfare Unit and the State of Texas (State or appellee), and the guardian and attorney ad litem for the children. Called as witnesses for the State were one of David's attending physicians and the member of the Child Welfare Unit staff who had investigated the case. At the close of the State's testimony the parents moved for judgment on the ground that the State had failed to meet its burden of proof. At this time the court rendered a judgment that was partially *against* the parents, stating: "Nicole will be returned to the parents and the other child will be held." The parents made no immediate objection to this ruling, but simply gave notice of appeal. On May 20 the trial court signed an order that reflected its previously announced judgment, and which formally cancelled the May 17 hearing.

Appellants contend that the trial court erred in rendering judgment before they had been allowed to present any evidence. Appellee argues that by failing to object to the court's action the appellants waived their right to complain of their lack of opportunity to testify. We sustain appellants' contention.

■ Appellee's application for an order of temporary conservatorship was in the

nature of an application for a temporary restraining order, and the trial court's second temporary order, from which this appeal was taken, was in the nature of a temporary injunction pending final disposition of the suit for termination. Tex.R. Civ.P. 680 requires that, in the absence of an agreement to the contrary, a trial court must conduct a hearing on an application for temporary injunction. *Millwrights Local 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex.Sup.1968). Tex.R.Civ.P. 681 provides that "[n]o temporary injunction shall be issued without notice to the adverse party." It is well settled that the requirement of notice in Rule 681 impliedly requires an adequate opportunity to be heard. *City of Houston v. Houston Lighting & Power Co.*, 530 S.W.2d 866 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.); *City of Austin v. Texas Public Employees Association*, 528 S.W.2d 637 (Tex.Civ.App.—Austin 1975, no writ).

 From a reading of the statement of facts it is clear that the appellants did not, by their motion for judgment, intend to rest their case. Both of the appellants had been sworn as witnesses at the beginning of the hearing, and there had been no indication that they would not testify. Therefore, when the court rendered judgment at the close of appellee's case it denied appellants the right to be heard as contemplated by Rule 681.

Under normal circumstances, an immediate objection is required to preserve a party's right to complain of an allegedly erroneous exclusion of evidence during the course of a trial. However, a rendition of judgment in open court ends the trial. Thereafter the losing party's objections are to the court's judgment or the effect thereof, and they need not be recited in open court. We hold that a rendition of judgment by the court before a party has had the opportunity to present any evidence and before he has rested his case obviates the necessity of an immediate objection to the effect of such rendition. As we stated in *City of Houston v. Houston Lighting & Power Co., supra* at 869:

"We do not mean to say that a trial court may not impose reasonable limitations upon a litigant's presentation of evidence in a temporary injunction hearing. But he may not, as done here, completely deprive a party of the right to offer any evidence."

For this error, the judgment of the trial court is reversed, the temporary order of May 20 dissolved, and the cause remanded to the trial court.

Reversed and remanded.