**Affirmed in Part and Reversed and Remanded in Part and Majority and Dissenting Memorandum Opinions filed May 13, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00250-CV

---

## IN THE MATTER OF THE MARRIAGE OF JOSE DANIEL TORRES ALVARADO & MARTHA ARACELI GOMEZ MARTINEZ

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-23076**

---

## M A J O R I T Y   M E M O R A N D U M   O P I N I O N

Appellant Martha Araceli Gomez Martinez appeals a final divorce decree. She challenges (1) the division of the community estate because the trial court erroneously divided the property without completing a contested hearing, and (2) the appointment of her former husband, appellee Jose Daniel Torres Alvarado, as sole managing conservator of the couple's children. After a thorough review of the record, we agree with Martha's first point, and we reverse the judgment in part

and remand the case for new trial regarding the property division. Because Martha's other arguments lack merit, we affirm the remainder of the judgment.

## Background

Jose and Martha married in 2003. In 2017, Jose filed for dissolution of the marriage, and Martha filed a counterpetition. Both sought sole custody of the couple's three children. After a trial, a jury found that Jose should be appointed sole managing conservator. The trial court incorporated this finding into the final decree.

The property division issues were not tried to the jury but instead reserved for the trial court. During a pre-trial hearing, the trial court made clear that if it was unable to "try" the property issues during trial breaks or jury deliberations, the court would set a date after verdict to try those issues.[1] Though the disputed property issues were to be tried to the bench and not the jury, the record reveals that the court admitted for the jury's consideration some evidence relevant to property division issues when the evidence also pertained to matters the jury would decide, such as conservatorship disputes and whether either spouse committed fraud on the community. Regarding the parties' respective inventories and proposed property divisions, Martha's inventory and proposed division was pre-admitted by agreement prior to trial; Jose, however, did not file his inventory and proposed division until after verdict, and the record does not show that it was

---

[1] THE COURT: Okay. And, obviously, we're not -- is there any property issues that are going to be tried to the jury?
[Jose's Counsel]: Judge, I can't think of any.
THE COURT: Characterization would be the one that you can take value.
[Jose's Counsel]: Not of the value.
[Martha's Counsel]: No characterization.
THE COURT: Okay. And so, again, that's something that will not be presented to the jury then and the Court will try that if we have time while the jury is in deliberations; and, if not, we'll set a date after the verdict comes in as to the child issues to finish that up, okay?

2

admitted into evidence.  At the conclusion of the evidentiary phase of the jury trial, both parties rested subject to the issues the parties agreed would come before the court later.[2]

Approximately five months after trial, the court sent a letter explaining its rulings and dividing the property.  Prior to this letter, no hearing occurred at which the parties presented further evidence or argument to "finish" the property division issues.  The following month, the court signed a final divorce decree that included the court's judgment on all property division matters.

Martha filed a timely request for findings of fact and conclusions of law, in which she sought findings on the "failure to hold a trial on non jury issues."  Our record does not contain any findings of fact or conclusions of law signed by the court.  Martha also filed a timely motion for new trial on the division of property.  In this motion, Martha argued that the court abused its discretion in awarding an unjust and disproportionate distribution of the parties' estate.  Martha attached an affidavit in which she complained that the "non-jury" issues were to be "tried separately" but the court decided them "without trial."  The court denied Martha's motion for new trial after a hearing.[3]

---

[2] THE COURT:  Any further witnesses?
[Martha's Counsel]:  No, Your Honor.
THE COURT:  Do you rest?
[Martha's Counsel]:  Yes, Your Honor.
THE COURT:  Substantive to the other issues that were brought before the Court.
[Martha's Counsel]:  Yes, Your Honor.
THE COURT:  Rather than the jury?  Anything further on your part, Counsel?
[Jose's Counsel]:  No, ma'am.
THE COURT:  Do you rest?
[Jose's Counsel]:  Yes, I do.
THE COURT:  All right.  Subject to the issues coming before the Court later?
[Jose's Counsel]:  Yes, ma'am.

[3] The judge who heard the motion for new trial was not the judge who signed the final divorce decree.  During the motion for new trial hearing, Martha's counsel argued that "we did

Martha appeals.

## Analysis

### A.    Property Division

In her first issue, Martha argues that the trial court abused its discretion by dividing the parties' property in a disproportionate manner without conducting or completing an evidentiary hearing or trial on the property division issues.  Under the circumstances presented, we agree.

1.    *There is neither briefing waiver nor a failure to preserve error.*

Before turning to Martha's complaint, we respond to the Chief Justice's assertions in dissent that Martha has not briefed the issue we address and that Martha failed to preserve error.  In her brief, Martha argues that the trial court divided the marital estate "without a trial" and that there was supposed to be a "separate trial" for the property division issues.  She continues:  "However, after the Jury trial, the date for the property trial was not forth coming.  Later along the line, the court sent what was purported to be a final rendition without a notice or trial for Appellant to cross-examine Appellee on the value of the property he claimed existed."

As the Chief Justice construes Martha's brief, Martha "did not contend that the trial was incomplete."  We agree Martha never used those words.  Yet we must construe briefs liberally so as to avoid disposing of issues without reaching the merits when possible,[4] and appellate rule 38.1 compels us to treat an issue

not present all the evidence available because that did not happen.  We did not have the trial on the property division; however, on the 11th -- on the 29th of November, the Court rendered this -- made this rendition."

[4] *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam); *KB Contracting v. WM United Enters., Inc.*, No. 14-19-00629-CV, 2020 WL 5950020, at \*3 (Tex. App.—Houston [14th Dist.] Oct. 8, 2020, pet. denied) (mem. op.).

presented "as covering every subsidiary question that is fairly included." Tex. R. App. P. 38.1(f). Martha insists she did not receive a contested trial on the property issues, and the dissenting opinion fails to explain why conducting a trial does not include finishing and closing the evidence. Whether the trial was completed, or whether judgment was rendered before its completion, is a subsidiary question fairly included in the issue presented. Although Martha's brief leaves much room for improvement, we conclude it is sufficient—albeit barely so—to fairly include an argument that the trial court erroneously rendered a judgment dividing the marital estate before completion of a contested trial on the property division issues.

We also respectfully disagree with the Chief Justice's assertion that Martha failed to preserve error. Martha timely filed a motion for new trial, complaining that court decided the "non-jury" issues "without trial." Martha argued at the motion for new trial hearing that she did not present all the evidence available on the disputed property issues. Her appellate issue comports with her trial court complaint, which she presented to the court in a timely fashion while the court had the power to grant it. Martha raised the same issue below, "although it certainly could have been argued more expansively." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 n.5 (Tex. 2019). In one fairly comparable instance involving a divorce trial, an appellate court held that a party preserved her complaint that the trial court erred by rendering judgment before the evidence closed by "except[ing] to the trial court's entry of judgment." *See Jordan v. Jordan*, 653 S.W.2d 356, 358 (Tex. App.—San Antonio 1983, no writ). Though our dissenting colleague observes that Martha made no offer of proof, *Jordan* states that such an offer was not required. *Id*. ("Ms. Jordan preserved error by her exception to the trial court's entry of judgment. Since the court's error appeared on the face of the record, the preparation of a bill of exceptions was not

5

necessary."). *Jordan*'s statement is consistent with other authority. *See Safway Scaffold Co. of Houston, Inc. v. Safway Steel Prods., Inc.*, 570 S.W.2d 225, 229 (Tex. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (when an appellant is not allowed to present any evidence at trial and the appellant has objected to this action, there is no necessity for an offer of proof or bill of exception); *Oertel v. Gulf States Abrasive Mfg., Inc.*, 429 S.W.2d 623, 624 (Tex. App.—Houston [1st Dist.] 1968, no writ). We agree and conclude that Martha's motion for new trial was sufficient to preserve error.

2.  *Did the court render judgment before completing a trial on the property division issues, and if so did the court reversibly err?*

In a divorce action, the trial court must make a just and right division of the parties' community estate, having due regard for each party's rights. Tex. Fam. Code § 7.001. While the right to a jury determination extends to questions involving marital property characterization and valuation, the duty and power to divide the community property rests with the trial court judge. *Id.*; *McElwee v. McElwee*, 911 S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 1995, writ denied). We leave a trial court's marital property division undisturbed unless the appellant shows an abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981); *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

The court exercises its discretion by considering such nonexclusive factors as: (1) fault in breaking up the marriage; (2) the spouses' capacities and abilities; (3) business opportunities; (4) education; (5) relative physical conditions; (6) relative financial conditions and obligations; (7) disparity of ages; (8) sizes of separate estates; (9) the nature of the property; and (10) disparity in earning capacities or incomes. *Murff*, 615 S.W.2d at 699. The Family Code and case law

6

contemplate that the court will apply its discretion to evidence of applicable factors following a contested evidentiary hearing or trial, unless the parties have agreed to a property division.[5] *See* Tex. Fam. Code § 7.006(a); *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 163 (Tex. App.—Dallas 2008, no pet.) (Wright, J., dissenting); *Barnard v. Barnard*, 133 S.W.3d 782, 788 (Tex. App.—Fort Worth 2004, pet. denied); *Sutton v. Green*, No. 14-01-01043-CV, 2002 WL 1489347, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2002, no pet.) (mem. op.) ("A division of the community estate may be effectuated by court order following a contested evidentiary hearing or by an agreement of the parties."); *see also* Tex. Fam. Code § 7.006(c) ("If the court finds that the terms of the written agreement in a divorce or annulment are not just and right, the court may request the spouses to submit a revised agreement or may set the case for a contested hearing.").

Here, the parties did not agree on a property division. Therefore, the court could exercise its discretion to divide the estate only after a contested evidentiary hearing or trial. *See* Tex. Fam. Code § 7.006; *Sutton*, 2002 WL 1489347, at *2. Accordingly, we examine the record to determine whether a contested evidentiary hearing occurred concerning property matters.

The record reflects that the parties reserved all "property issues" for the trial court. During a pre-trial hearing, the judge asked the parties, "And, obviously, we're not -- is there any property issues that are going to be tried to the jury?" Martha's attorney responded, "Judge, I can't think of any." The judge continued, "Okay. And so, again, that's something that will not be presented to the jury then and the Court will try that if we have time while the jury is in deliberations; and, if

---

[5] If the trial court finds that the terms of an agreement are just and right, those terms are binding on the court. Tex. Fam. Code § 7.006(b).

not, we'll set a date after the verdict comes in as to the child issues to finish that up, okay?" Later during the hearing, the court continued:

> THE COURT: **Anything that has to do with property**, anything that has to do with rights and duties and anything that has to do with child support, spousal support, attorney's fees, **those are all issues for the Court to hear**. There's no point sending those back. I need a copy, obviously.
>
> [Martha's Counsel]: But during the trial we're going to cover everything so that will not break the jury then continue or how do we handle it?
>
> THE COURT: Are you talking about the property?
>
> [Martha's Counsel]: No. No. Everything, I mean, all the issues.
>
> THE COURT: You're not going to put them in front of the jury. You're just going to confuse them. They're not going to be able to hear it -- I mean, they're not going to be able to decide on it. **So, any property issues we will have a separate trial on that outside of the presence of the jury, but you need to be ready to do it the day you come in here, okay, because if we get breaks and testimony out of order or deliberation then we're going to start trying that property case to see if we can get it done. If we can because there's all kind of things that start happening that will prevent us from doing that. We'll have you come back the next week and you can put the property stuff on, I expect, in half a day if not less, right**?
>
> [Jose's Counsel]: **That's correct, Judge. It's not very much. There's not a lot of property, but there is some**. The one other thing --

(Emphases added.)

The court ordered the parties to bring their respective inventories and proposed property divisions on the first day of trial. The record does not indicate that Jose presented his inventory and proposed property division to the court before trial, but Martha presented hers, which was admitted by agreement before trial.

During the first and second days of trial, the court did not have an opportunity to take evidence or argument outside the jury's presence on the contested property issues. Other exchanges occurred between the court and counsel confirming the court's intention that evidence presented to the jury pertain to those issues the jury would decide out of respect for the jury's time. One example arose when Martha's counsel sought to elicit testimony relevant to child support issues, and Jose objected because the issue was a question for the judge. The court explained that the parties should not use their time before the jury on evidence going to court issues. Another example pertained to the spouses' fraud claims. On the trial's fourth day, the court reminded the parties that each had asserted fraud claims but there was, as yet, no evidence of fraud. The court added that it did not mind hearing fraud issues another day if the parties wanted to reserve them for the court as well; but if the parties intended to put the fraud question to the jury they needed to "get to it" and present the evidence. Subsequently, both parties offered evidence of fraud, and the court's charge included fraud on the community questions as to each spouse.[6] It was appropriate for the jury to hear property evidence to the extent it pertained to each spouses' respective claims of fraud on the community because the parties wanted the jury to decide whether fraud occurred, and a jury finding on fraud is potentially a factor for the court to consider in dividing the community estate. *See* Tex. Fam. Code § 7.009(b)(1), (c).

To be sure, the court admitted for the jury's consideration evidence relating to at least some *Murff* factors, but it did so largely, though perhaps not exclusively, when that evidence also pertained to disputed jury questions. For instance, the jury heard evidence regarding bank accounts, safety deposit boxes, income, and purchase of the marital home, but that testimony was developed to support the

---

[6] The jury found that neither Martha nor Jose committed fraud on the community.

fraud claims. The court also admitted evidence about the couple's vehicles in connection with testimony that Jose asked his boss to activate a GPS tracker on Martha's car. The jury heard evidence of fault in breaking up the marriage, which pertained to the jury question whether grounds for a divorce existed. Evidence about the parties' respective incomes and businesses was relevant to the disputed conservatorship issues.

On the fourth day of trial, both parties rested subject to the issues the parties had agreed would be tried to the court later.

Although Martha's inventory and proposed property division had been admitted into evidence, the parties did not discuss it for property division purposes during the trial. A copy of Martha's inventory and proposed property division is not included in the reporter's record.

About one month after the trial, on July 19, 2018, the court held a hearing, at which both parties' counsel appeared. This hearing is characterized as one for "rendition" of judgment, but both Martha and Jose agree that the purpose of the July 19, 2018 hearing included division of property. The trial judge stated, "I mean, I had said I would make a rendition basically to straighten out rights and duties, possession and access, those types of things, which were on me after the jury trial, plus the division of property." The judge noted that both sides reportedly had submitted proposals regarding the property division but she "[could] only find one." The judge then stated, "I understand the Court's supposed to make a determination based on that, but I do want both of them." Because the judge did not have a copy of Jose's proposal, she said, "So, as much as I don't want to, I'm going to have to reset this. . . . So, what I want to do is reset the entry." When asked by Martha's counsel to clarify if the judge meant entry or rendition, the judge said, "I'm sorry, the rendition . . . for the 31st. I think that's a Tuesday."

10

Martha's counsel said he would be unavailable that day due to scheduled medical treatment. The court then went off the record. It appears that Jose filed his inventory and proposed property division on the same day as the hearing, July 19. Our record does not indicate a new date for the hearing on rendition of judgment, but according to Martha the hearing was reset to October 4, 2018 and was passed.

It is true, as our dissenting colleague notes, that Martha did not attempt to introduce any further property evidence during the July 19 hearing. But the hearing lasted only minutes (the reporter's record consists of approximately five pages), and the court announced its intention to reset the hearing almost immediately when the hearing began. Both parties had rested only as to the jury issues, each doing so subject to "issues coming before the Court later." There is no indication from the July 19 hearing record that either party rested and closed evidence regarding the property division issues, nor did the court state that the evidence was closed or that it would simply take the parties' inventories and rule from the bench without resuming the hearing. The court reset the hearing.

On November 29, 2018, the trial court sent the parties a letter, in which the court referenced the jury verdict, indicated that the divorce would be granted, and allocated certain property to either Jose or Martha. The court directed Jose's attorney to prepare the final order. The letter did not indicate (nor does our record show) that the court had conducted and completed a hearing on the property division issues.

On December 14, 2018, the court held a hearing for entry of judgment. During the hearing, the judge stated, "[Martha's counsel] has not called in; and, therefore, the Court is entering this order with [Jose's counsel's] signature only." The court signed the final decree of divorce on December 20, 2018, which included the court's judgment regarding conservatorship and possession of the

11

children, as well as a division of property among the parties.  In the decree, the trial court stated the following:

> On _____, 2018 the Court heard this case.
>
> *Appearances*
>
> Petitioner, JOSE DANIEL TORRES, appeared in person and through attorney of record, Cruz Cervantes, and announced ready for trial.
>
> Respondent, MARTHA ARACELI GOMEZ MARTINEZ, appeared in person and through attorney of record, Gogo U.K. Owor, and announced ready for trial.
>
> *Record*
>
> The making of a record of testimony was waived by the parties with the consent of the Court.

The date is left blank, so it is unclear whether the court meant to recite that a trial occurred for the conservatorship issues, the property issues, or all issues.  Nor do we see an entry on the docket that the court "heard" or "tried" the property division issues.  There is no indication anywhere in our record that the trial court completed an evidentiary hearing on the property division—whether recorded by a court reporter or not.  Ordinarily, judgment recitals are presumptively correct, *Bennett v. Lacy*, No. 14-03-00530-CV, 2003 WL 22945637, at *2 (Tex. App.—Houston [14th Dist.] Dec. 16, 2003, no pet.) (mem. op.), but the relevant recitals here are too indefinite or incomplete (or inconsistent with parts of the record) to allow a favorable presumption, especially considering that the issues of conservatorship and property division were bifurcated.[7]

---

[7] Also worth noting, neither Martha nor her counsel signed the decree, while both Jose and his attorney did.  Thus, the recital in the decree that "before signing this Final Decree of Divorce [Martha and Jose] have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case" cannot be presumed valid as to Martha.

Martha complains that the trial court signed the judgment dividing the marital estate without a separate trial for the property division. We agree. Because the parties did not agree to a property division, a contested evidentiary hearing or trial on those issues was required. *See* Tex. Fam. Code § 7.006; *Boufaissal*, 251 S.W.3d at 163; *Barnard*, 133 S.W.3d at 788; *Sutton*, 2002 WL 1489347, at *2. It was agreed by all that the property issues were to be tried to the court separately from the contested jury issues. But, according to our record, and although the jury trial included some evidence relevant to the property division issues—which the trial court could consider in dividing the property—the court signed a final decree dividing the marital estate without concluding a contested evidentiary hearing on those issues. Our dissenting colleague says that Martha received a trial on the property division issues—just not the trial she wanted. We can agree that a contested bench trial on the property division issues may have begun, but it did not conclude. They were to "come back" and "finish" the bench trial on the property division issues if they were unable to complete it during jury breaks. But that never happened.

A trial court is not authorized to render judgment against a party before the party has had the opportunity to offer evidence on his or her behalf and has rested. *See, e.g.*, *Stearns v. Martens*, 476 S.W.3d 541, 546 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (directed verdict); *In re Estate of Luthen*, No. 13-12-00638-CV, 2014 WL 4795038, at *9 (Tex. App.—Corpus Christi Sept. 25, 2014, no pet.) (mem. op.); *Wedgeworth v. Kirskey*, 985 S.W.2d 115, 116 (Tex. App.—San Antonio 1998, pet. denied) ("[Directing a verdict] is reversible error if done before the plaintiff has presented all his evidence."); *Nassar v. Hughes*, 882 S.W.2d 36, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (directed verdict); *Jordan*, 653 S.W.2d at 358; *Tobola v. State*, 538 S.W.2d 868, 870 (Tex. App.—Houston

[14th Dist.] 1976, no writ); *Gibson v. Shaver*, 434 S.W.2d 462, 464 (Tex. App.—Tyler 1968, no writ). The rendition of a judgment before the parties rested and closed evidence on the property division issues appears inadvertent, but we agree with Martha that she is entitled to complete the contested evidentiary trial on the property issues.

From the authority cited in the dissenting opinion, we discern that the Chief Justice likens this case to those considering the exclusion of evidence. In such cases, a party generally cannot obtain a reversal without showing both that the trial court erred in excluding the evidence and that the party was harmed by the exclusion. To demonstrate harm in that context, a complaining party generally must make an offer of proof in the trial court so that the appellate court may evaluate whether the excluded evidence caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1.

It is tempting to align with that view; however, the present case does not involve a challenge to a discretionary ruling excluding evidence during the evidentiary phase of trial. In contrast, we are concerned with a challenge to the rendition of judgment—which brings the proceeding to a close—before the parties fully rested and closed evidence. We conclude the present circumstances are more akin to the cases cited above, in which the appellate courts found error when the lower courts prematurely rendered judgment (either at the directed verdict stage or later) before the parties had rested and the evidence closed.[8] The courts in *Stearns*, *Wedgeworth*, *Nassar*, *Jordan*, *Tobola*, and *Gibson* reversed and remanded for new trial without addressing harm or without requiring the appellant to demonstrate

---

[8] Our court has previously noted a similar distinction. *See Tobola*, 538 S.W.2d at 870 ("Under normal circumstances, an immediate objection is required to preserve a party's right to complain of an allegedly erroneous exclusion of evidence during the course of a trial. However, a rendition of judgment in open court ends the trial.").

14

harm. *See Stearns*, 476 S.W.3d at 547-48; *Wedgeworth*, 985 S.W.2d at 117; *Nassar*, 882 S.W.2d at 38; *Jordan*, 653 S.W.2d at 358-59; *Tobola*, 538 S.W.2d at 870; *Gibson*, 434 S.W.2d at 464; *see also Buckner v. Buckner*, 815 S.W.2d 877, 878 (Tex. App.—Tyler 1991, no writ) (citing 3 R. McDonald, Texas Civil Practice § 11.26.B, p. 190 (rev. 1983)).[9]

Accordingly, we therefore conclude that the trial court erred by signing a final decree effectuating a division of the marital estate when the judgment neither implemented a settlement agreement nor followed a completed contested trial or evidentiary hearing on property division issues. *See Barnard*, 133 S.W.3d at 790 (holding that trial court erred in failing to conduct hearing to prove up property division and relying on unadmitted inventory and appraisal, in absence of agreement; reversing and remanding for a new trial on property division); *see also Travis v. Coronado*, No. 02-03-00023-CV, 2004 WL 221227, at *2 (Tex. App.—Fort Worth Feb. 5, 2004, no pet.) (mem. op.) (holding trial court abused discretion by treating property division as uncontested and failing to give notice of trial date on the contested property issues; remanding for trial on division of community assets).

On appeal, Jose suggests that the jury trial on conservatorship issues also encompassed property issues. He points out that exhibits admitted included Martha's property division exhibit and "several items pertaining to community assets and their valuation." Jose further argues that Martha's counsel reset the

---

[9] The Chief Justice also cites to this court's recent opinion in *Sklar v. Sklar*, 598 S.W.3d 810, 825-26 (Tex. App.—Houston [14th Dist.] 2020, no pet.). There, we rejected an appellant's complaint that the trial judge's directed verdict ruling denied her the ability to call rebuttal witnesses or make closing argument. *Sklar* is distinguishable, however, because in that case the judge invited counsel to ask additional questions before ruling, but appellant's counsel declined. *Id*. at 818-19.

entry of judgment hearing several times but failed to appear when it ultimately occurred on December 14, 2018.

We disagree that Jose's arguments support the portion of the judgment dividing the marital estate. As acknowledged, although during the jury trial the court admitted some exhibits that referenced community property, the exhibits related to matters the jury decided, such as whether either party committed fraud on the community. Before the jury trial began, the court stated that it was prepared to take up evidence on the property division issues outside the jury's presence during breaks or jury deliberations. Some exhibits pertaining to the marital property were pre-admitted, apparently with the understanding that the court would try the contested property division issues if occasion arose. But the chance to do so did not arise, and the court did not "try" the property division issues to their completion during the jury trial. Both parties rested subject to presenting evidence on those issues the court would try later. At the first post-trial hearing on July 19, 2018, the court acknowledged that property division issues remained pending and reset the hearing. According to Martha, the hearing was reset to October 4, 2018, but was passed. The next activity was the court's November 29, 2018 letter announcing its rulings and requesting Jose's counsel to provide a draft judgment. The hearing on December 14, 2018 was for entry of judgment. To the extent Jose contends that the December 14 hearing was intended to be a contested evidentiary hearing, we disagree because the court had announced its ruling two weeks earlier, and the reporter's record of that hearing shows it was for entry of judgment.

We sustain Martha's first issue. We do not reach as moot Martha's related fourth issue, in which she complains that the trial court erred in denying her motion for new trial.

## B. Conservatorship

The entirety of Martha's second issue, which ostensibly challenges the appointment of Jose as sole managing conservator of the children, is as follows:

> There was insufficient evidence to support the jury's award of sole managing conservatorship with the right to establish the primary residence of the children, including a 2-year-old, to [Jose] as against [Martha], mother, who was a primary caregiver of the children and who continued to reside with and care for the children after their separation.

Martha cites neither to the record nor to applicable legal authority. Even under a liberal construction and application of the briefing rules in the Texas Rules of Appellate Procedure, we are constrained to hold that Martha waived her second issue. *See* Tex. R. App. P. 38.1(g), (i); *In re J.C.W.*, No. 04-16-00002-CV, 2017 WL 1902066, at *1 (Tex. App.—San Antonio May 10, 2017, no pet.) (mem. op.) (because appellant failed to cite applicable authority, provide relevant citations to the record, or provide substantive analysis for issues, including issue of conservatorship, court held that appellant waived issues); *see also Flores v. United Freedom Assocs.*, 314 S.W.3d 113, 116 (Tex. App.—El Paso 2010, no pet.); *Moreno Denoso v. State*, 156 S.W.3d 166, 183 (Tex. App.—Corpus Christi 2005, pet. ref'd); *City of Fort Worth v. DeOreo*, 114 S.W.3d 664, 679 (Tex. App.—Fort Worth 2003, no pet.).

Martha's second issue is waived for inadequate briefing, and we do not reach it. *See* Tex. R. App. P. 38.1(i).

## C. Child Custody Evaluation

Prior to trial, Martha requested "preparation of a child custody evaluation into the circumstances and condition of the children." In her third issue, Martha argues that the trial court abused its discretion by initially denying Martha's

custody evaluation request but later granting the request three days before trial. According to Martha, the trial court's ruling was error because its timing did not allow enough time to conduct the evaluation before trial.

We conclude Martha waived this argument for more than one reason. First, the child custody evaluation bears only on the conservatorship issue, which we do not address, as Martha waived any complaint by inadequate briefing. *See supra* Part B.

Additionally, if, as Martha contends, the trial court's ruling did not allow enough time to conduct the custody evaluation before trial, then it was incumbent upon Martha to move for a trial continuance or otherwise alert the trial court to the complaint she now raises on appeal. *See* Tex. R. App. P. 33.1 (complaints must be presented to trial court to preserve right to complain on appeal); Tex. R. Civ. P. 251-253 (rules for requesting continuance). She did not do so. Because the record does not show that Martha objected to the alleged untimeliness of the trial court's ruling or moved for a continuance, Martha has waived error for this separate reason. *See E.K. v. A.M.J.*, No. 03-15-00679-CV, 2016 WL 767890, at *2 (Tex. App.—Austin Feb. 26, 2016, no pet.) (mem. op.) (party waived complaint that he was not given enough time to find lawyer before trial, when he did not move for continuance or postponement of trial date); *Mangum v. Equistar Chem. Co.*, No. 13-02-00325-CV, 2003 WL 22097689, at *3 (Tex. App.—Corpus Christi Sept. 11, 2003, pet. denied) (mem. op.) (party waived complaint that he needed further discovery by failing to move for continuance).

We overrule Martha's third issue.

## Conclusion

We reverse in part and remand the case to the trial court for a new trial limited to the contested property division issues.  We affirm the judgment in all other respects.

/s/    Kevin Jewell
           Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant (Christopher, C.J., dissenting).